UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY J. RACCA and SOUND BUILT HOMES, INC.,

Petitioners,

and

HAGEN, KURTH, PERMAN & CO., P.S.,

Petitioner-Intervenor,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C06-1822RSM

ORDER GRANTING PETITION TO QUASH IRS SUMMONSES

## I. INTRODUCTION

This matter comes before the Court on petitioners', Gary J. Racca and Sound Built Homes, Inc. ("Sound Built"), Petition to Quash IRS Summonses. (Dkt. #1). Petitioners ask the Court to quash two IRS summonses issued to their former certified public accountant Hagen, Kurth, Perman & Co., P.S. ("Hagen"), arguing that the records sought are protected by privilege, the documents are irrelevant, the summonses are overly broad and ambiguous, and the documents sought are already in the possession of the IRS. Petitioners have also filed two

Motions for Protective Orders, asking the Court to direct Hagen to allow petitioners to review all documents and records it plans to produce to the IRS pursuant to the summonses prior to the time those documents and records are actually produced. (Dkts. #9 and #25).

Petitioner-Intervenor Hagen, Kurth, Perman & Co., P.S. ("Hagen") has filed its own Motion for Protective Order, asking the Court to issue an Order defining the scope of the summonses, and preventing petitioners from ever viewing any proprietary assurance documents and records it must produce to the IRS. (Dkt. #21).

Respondent has filed a Counter-Petition to Enforce the IRS Summonses, and objects to the issuance of any protective order for the benefit of petitioners or for the benefit of intervenor. (Dkt. #18).

Having reviewed the petition to quash and counter-petition to enforce, and the various motions for protective orders, the Court now finds that the IRS summonses in question request records and documents that are irrelevant or are already in the possession of respondent, and therefore the Court GRANTS petitioner's Petition to Quash.

## II. DISCUSSION

### A. Background

Petitioner Gary J. Racca is the President and sole shareholder of Sound Built Homes, Inc., his co-petitioner. Internal Revenue Agent Karin Beard is currently conducting an investigation into the tax liabilities of petitioners for the tax years ending December 31, 2003 and December 31, 2004. Pursuant to her investigation, Agent Beard issued four third-party summonses to petitioners' former accountant, Hagen, two of which are at issue in this action.

On or about September 27, 2006, Agent Beard issued two summonses to Hagen, requesting that it give testimony and produce for examination all documents relating to Gary Racca and Sound Built for the tax years 2003 and 2004. Hagen produced numerous documents in response to those summonses, and representatives of the company appeared and testified

under oath about matters related to the tax services provided to petitioners. However, Hagen also objected to the summonses on the basis that they were overbroad and vague. In response, Agent Beard issued two new summonses on or about December 6, 2006. Those summonses are the subject of the instant action.

The summonses in question request that Hagen produce:

> a. . . . all documents and/or records (including, without limitation, electronic documents) produced, prepared, received, stored and/or used by any employee, any department and/or any division of Hagen, Kurth, Perman & Co., P.S. relating to Gary Racca and his taxable years ended December 31, 2003 and December 31, 2004, including but not limited to the following:
>
> i. All documents and/or records, encompassed above, which relate in any way to the book and/or tax income for Gary Racca.
>
> ii. All documents and/or records, encompassed above, used in connection with, or in any way related to, preparation of the financial statements.
>
> iii. All documents and/or records, encompassed above, relating to and/or concerning the billing for services.
>
> b. All documents and/or records (including, without limitation, electronic documents) produced, received, or otherwise relating in any way to the ultimate termination of the client relationship between Hagen, Kurth, Perman & Co., P.S. and Gary Racca.

(Dkt. #1, Ex. A). An identical summons was issued with respect to Sound Built Homes, Inc. (Dkt. #1, Ex. B).

**B. Petitions to Quash/Enforce**

The Internal Revenue Code vests the IRS with broad investigatory powers. *See* 26 U.S.C. § § 7601-7613. Under section 7602(a)(1), the IRS may issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The U.S. Supreme Court has explained that the relevance inquiry under section 7602 is whether the requested material "might

have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643 (1950)).

The IRS is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry. 26 U.S.C. § 7602(a)(2); *see Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985) (explaining that the statute provides the IRS with "broad powers to summon information relevant to determining the liability of any taxpayer."). The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *Arthur Young & Co.*, 465 U.S. at 814. Under section 7609(a)(1), a summons may be issued to a third party and require the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code... with respect to, any person (other than the person summoned) who is identified in the summons. . . ."

To defeat a motion to quash and enforce a summons that it issues, the IRS must first establish "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999); *Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995). The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn

statement of the revenue agent who issued the summons declaring that the *Powell* requirements have been met. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir.1993). Once a *prima facie* case is made a "'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.'" *Dynavac*, 6 F.3d at 1414 (citations omitted).

The Court agrees with respondent that it has adequately met two of the *Powell* criteria. Respondent has submitted a declaration from Agent Beard demonstrating that the summonses in question were issued for a legitimate purpose pursuant to an examination of the tax liabilities of petitioners for the 2003 and 2004 tax years. Further, there is no dispute that all proper administrative steps were followed by respondent.

However, the Court is not persuaded that respondent has a realistic expectation that all of the information sought will shed light upon the correctness of petitioner's tax liabilities for the 2003 and 2004 tax years, particularly with respect to the documents requested pertaining to the termination of the relationship between petitioners and intervenor. Agent Beard states in conclusory fashion that such request is designed to "shed light" on petitioners' tax liabilities. (Dkt. #18, Ex. 1 at 3). The Court recognizes that respondent's burden is a light one; however, something more is needed to demonstrate to the Court that information relating to the termination of intervenor as petitioners' accountant is relevant to determining the correctness of petitioners' tax liabilities for 2003 and 2004. Indeed, intervenor served as petitioners' accountant until mid-2006, and Agent Beard makes no reference in her declaration to that time period or how that may relate to the tax investigation for the years 2003 and 2004.

Further, the Court finds that the summonses appear to seek information that is already within respondent's possession. While the summonses themselves state that the request is not intended to cover any documents produced by Hagen pursuant to the previous summonses, nothing in the summonses exempts the voluminous amount of documents that were previously

produced in response to several prior Information Document Requests issued by the IRS. In addition, the summonses request testimony, without limit, from Hagen's representatives despite the fact that Hagen has already produced its representatives for many hours of testimony in response to the first two summonses. For these reasons, the Court finds that respondent has not made its *prima facie* case.

Under such circumstances, the Court believes it is required to quash the IRS summonses in question. *United States v. Jose*, 131 F.3d 1325, 1329 (9th Cir. 1997) (holding that "the district court is strictly limited to enforcing or denying IRS summonses); *see also United States v. Boulware*, 350 F. Supp.2d 837, 845-46 (D. Hawaii 2004) (explaining that it is not clear after *Jose* whether a district court can modify the scope of the summonses with respect to information demanded). Accordingly, it is not necessary to address petitioners' or intervenor's motions for protective orders.

## III. CONCLUSION

Having reviewed petitioner's Petition to Quash IRS Summonses, respondent's Counter-Petition to Enforce, petitioners' motions for protective orders, intervenor's motion for protective order, the briefs in support and opposition thereto, and the remainder of the record, the Court hereby ORDERS:

(1) Petitioners' Petition to Quash IRS Summonses (Dkt. #1) is GRANTED. The two IRS Summonses issued to Hagen, Kurth, Perman and Co., P.S. on December 6, 2006, are QUASHED and this action is CLOSED.

(2) Respondents' Counter-Petition to Enforce (Dkt. #18) is DENIED.

(3) Petitioners' Motions for Protective Orders (Dkts. #9 and #25) are DENIED AS MOOT.

(4) Intervenor's Motion for Protective Order (Dkt. #21) is DENIED AS MOOT.

(5) The Clerk shall send a copy of this Order to all counsel of record.

DATED this 11th day of April, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE